IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY BALOO,

    Plaintiff,

-vs-                                                    No. CIV-03-811   JB/LFG

FOUR WINDS RECOVERY CENTER, INC.,
JAMES D. CLARK, CITY OF FARMINGTON,
and JOHN DOES 1-5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Amended Motion for Leave to File Second Amended Complaint (filed September 30, 2003)(Doc. No. 21). The primary issues are whether the motion to amend is untimely, futile, or unduly prejudicial to the Defendant City of Farmington. Because the Court finds that the motion is neither untimely, futile, or unduly prejudicial, it will grant the motion and allow the Plaintiff to amend his complaint.

## FACTUAL BACKGROUND

The Plaintiff, Gary Baloo ("Baloo"), commenced this action against Defendants City of Farmington ("the City") and Four Winds Recovery Center, Inc. ("Four Winds") on May 21, 2002 by the filing of a complaint in the Eleventh Judicial District Court for the State of New Mexico. Baloo's Complaint alleged that the City of Farmington Police Department admitted Baloo to Four Winds on February 12, 2001. See Complaint ¶¶ 5, 6, at 1 (filed May 21, 2002). Baloo alleges that Four Winds placed him in a room with other patients, including a patient named Herbert Manygoats. See id. ¶ 21, at 4.

Baloo alleges that Mr. Manygoats hit him in the face, repeatedly kicked him, and caused significant damage to his face and mouth. See id. ¶¶ 25, 27, 28, at 4. Baloo's original Complaint asserted the City knew about other attacks at Four Winds, yet continued to admit patients into Four Winds. See id. ¶ 10, at 2. Baloo's Complaint also alleged that the City knew of negligent actions taken by Four Winds that created an unreasonably dangerous environment for patients there. See id. ¶11, at 2. The City denied and continues to deny having any reason to know about the alleged dangerous environment at Four Winds.

On June 27, 2003, while discovery was ongoing, Baloo served his First Amended Complaint ("FAC") against Defendants Four Winds, James D. Clark, the City, and John Does 1-5, asserting additional claims under 42 U.S.C. § 1983 and thereby rendering the case removable to federal district court. See Notice of Removal (July 9, 2003)(Doc. No. 1). The City consented to Baloo's FAC apparently so that it could remove this matter. In the Initial Pretrial Report, all parties reserved the right to "file amendments as necessary." Initial Pretrial Report at 2 (filed September 12, 2003)(Doc. No. 19).

Upon removal, at the Court's Scheduling Conference on August 27, 2003, and at the City's request, the Court ordered Baloo to identify the John Does. At the Scheduling Conference, Baloo's counsel informed the Court that all parties were aware of the identity of the John Doe Defendants; the City's attorney appeared and answered on behalf of John Does 3-5. See City's Answer at 1 (filed July 14, 2003)(Doc. 4). The City remembers that the Court ordered Baloo to amend within two weeks, or by September 10, 2003. Baloo's recollection is that the Court ordered him to file the Second Amended Complaint within three weeks of the Scheduling Conference.

Around September 15, 2003, Baloo attempted to electronically file his Second Amended

Complaint. The court staff informed him that he needed a motion and order approved by opposing counsel to do so. Baloo prepared and submitted a motion and proposed order to opposing counsel on September 15, 2003, with a proposed Second Amended Complaint.

The proposed Second Amended Complaint first sent to the City proposed addition of a defendant different than San Juan Regional Medical Center, i.e., the Scottsdale Insurance Company. Baloo named Farmington Police Officer Rocky Fails, and Four Winds employees Jose Gonzales and Antoinette Begay as the John Does. In a letter dated September 18, 2003, the City objected to Baloo's proposed Second Amended Complaint, pointing out that Baloo had exceeded the scope of the Court's order to identify the John Does and that Baloo's proposed Second Amended Complaint failed to state a claim against the individually named Officer Fails, rendering the amendment futile. See Letter from Ms. Langenwalter to Mr. Murphy (dated September 18, 2003). The City objected on the grounds that the Second Amended Complaint added a new party and new claims. The City also objected that the proposed Second Amended Complaint was untimely and went beyond the Court's order to merely identify the individually named John Does.

Baloo moved the Court for leave to file this Second Amended Complaint. See Plaintiff's Motion for Leave to File Second Amended Complaint (filed September 29, 2003)(Doc. 20). One day later, Baloo amended his motion. See Plaintiff's Amended Motion for Leave to File Second Amended Complaint (filed September 30, 2003)(Doc. 21). Baloo's proposed Second Amended Complaint now asserts claims against the San Juan Regional Medical Center rather than the Scottsdale Insurance Company. See id.

Baloo believes that the San Juan Regional Medical Center may likely have been the employer of the individual Four Winds defendants at the time of the incident. See Fed. R. Civ. P. 20(a)(stating

that all persons may be joined as defendants if the right to relief arises out of the same transaction and if there is a common question of fact or law). Baloo contends that amendment of his complaint is proper to: (i) identify the John Doe parties named in the First Amended Complaint pursuant to the Court's order; and (ii) add San Juan Regional Medical Center as a party. Baloo attached a copy of this pleading to its motion as Exhibit A.

## ANALYSIS

The City opposes an order giving Baloo leave to file the Second Amended Complaint, arguing that it is untimely, that it is futile, and that it would be prejudicial to the City. Regardless of the identity of the additional parties against whom Baloo now asserts claims, his proposed Second Amended Complaint asserts facts and claims beyond the scope of the Court's order to identify the unnamed parties. The City contends that the additional facts and claims are not only untimely, but are also futile because they fail to state a claim against Officer Fails.

### I.   BALOO'S PROPOSED SECOND AMENDED COMPLAINT IS NOT UNTIMELY.

There is no dispute that the Second Amended Complaint goes beyond the Court's order to identify John Does. It is also undisputed, however, that Baloo did what the Court ordered him to do. The Court ordered Baloo to identify the unnamed parties within two or three weeks of August 27, 2003. He did so. The City would thus not be on good ground to oppose the amendment as to a City employee. Baloo is substituting parties: Officer Fails for one of the John Doe Defendants.

Rule 15 permits amendment and states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) allows parties to amend their pleading once as a matter of course at any time before the opposing party files a responsive pleading. See id. Thereafter, a party may only amend their pleading by leave of the court or with the written consent of opposing

counsel. See id. The City argues that Baloo's amended motion is untimely, because Baloo had an opportunity to amend the pleading as a matter of course, but did not do so.

In addition, Baloo did not file his motion disclosing the John Does' identity and adding other claims until more than a month following the scheduling conference. The City contends that, because of the motion's untimeliness, the Court should deny it. See Woolsey v. Marion Laboratories, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991)(stating that untimeliness alone is a sufficient reason to deny leave to amend; the defendant need not show prejudice). The City argues that Baloo is now attempting to take advantage of the leave that the Court granted to amend the pleadings for the narrow purpose of identifying the John Does to add new parties and new claims. The City contends that Baloo had the information necessary and the opportunity to add these new parties in the FAC and did not. The City argues that the Court should not now permit Baloo to backdoor those claims at this late date. Because Baloo's proposed Second Amended Complaint is neither timely, nor within the scope of the Court's order, the City contends that the Court should deny Baloo's motion for leave to file.

Baloo contends that the City is taking inconsistent positions and that the Court should not reward the City for doing so. Baloo contends that, if the City had been forthright with Judge Garcia and indicated at the Scheduling Conference that it intended to oppose identification and substitution of the City's John Doe employees, Judge Garcia could have set the matter for briefing then. While there is some difference between the FAC and the proposed Second Amended Complaint, most of the arguments that the City makes could have been made against the FAC, to which the City consented.

The City is correct that the Second Amended Complaint adds one new party – San Juan

Regional Center. Baloo states, however, that he did not know of the existence of an employee relationship until after he filed the FAC and that he did not confirm that fact until after he filed his Amended Motion for Leave to Amend. See Plaintiff's Reply Brief at 7.

The primary reason for the delay in this case is the dispute whether the City will approve a form of order granting leave to file the Second Amended Complaint. Given that the Provisional Discovery Plan and the Initial Pretrial Report did not specify a specific date for amendment, the Court will analyze Baloo's Amended Motion under the general principles of rule 15. As the United States Court of Appeals for the Tenth Circuit notes, "[t]he liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999).

Understanding that he has an obligation to exercise "due diligence" in seeking amendment, Baloo contends that, if this Court examines the "totality of the circumstances" and exercises "discretion in light of the pertinent balance of equitable considerations," the Court should grant him leave to amend. Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989). Factors to guide the Court include tardiness; whether the facts that the plaintiff seeks to allege in the pleading that he knew all along; how much time remains in discovery; whether a great deal of discovery has taken place with reference to the new theory of recovery; and whether the amendment would prejudice the opposing party. See id. at 1517-18; State Distributors, Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984).

Application of these factors weighs in Baloo's favor. First, the length of time that it has taken for the parties to brief and for the Court to hear and to decide this motion well explain any tardiness; the City opposed this motion, so there was inevitably some delay. Second, the facts and theories

remain similar, and the City could have opposed the John Doe designations when Baloo first proposed amendment in the Eleventh Judicial District Court.  Third, discovery is not as relevant to the City because: (i) the City has had an opportunity to conduct discovery; (ii) Baloo identified his theories in the FAC; and (iii) the parties agreed to begin discovery before the Scheduling Conference.  See Order Permitting Discovery (entered July 28, 2003)(Doc. No. 9).  Finally, as discussed below, any amendment would not unduly prejudice the City.

## II.     THE COURT CANNOT SAY AT THIS STAGE THAT THE SECOND AMENDED COMPLAINT DOES NOT STATE A CLAIM AGAINST OFFICER FAILS.

After a defendant has filed a responsive pleading, the rules permit amendment of the Complaint only upon leave of the Court or upon the written consent of the adverse party.  See Fed. R. Civ. P. 15(a).  The granting or denial of a motion to amend under rule 15(a) is within the trial court's sound discretion.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court should grant leave to amend unless the party opposing the motion has made a showing of undue delay, bad faith, dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, or undue prejudice.  See id.

The Court should deny the proposed amendment where amendment would be futile.  An amendment is futile if the proposed amended complaint would not survive either a motion to dismiss or a motion for summary judgment.  See Bauchman v. West High Sch., 132 F.3d 542, 562 (10th Cir. 1997).  The City urges the Court to exercise its discretion to deny Baloo leave to amend on the grounds that the allegations of his Complaint do not support the claims alleged against Officer Fails and therefore fail as a matter of law.

At oral argument, Baloo conceded that he is not pursuing any state tort claims against Officer

Fails. See Transcript of Excerpts of Motion Proceedings at 2, lines 2-13. Accordingly, the Court will only address the City's contention that the proposed Second Amended Complaint fails to allege facts to support waiver of qualified immunity for claims arising out of § 1983 against Officer Fails. The City maintains that the proposed Second Amended Complaint does not set forth any set of facts which would support a finding against Fails in either his official or individual capacity.

### 1. Official Capacity.

An official capacity is one against the employing municipality, here, the City, a party named in the original complaint. See Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998). There is no independent basis for asserting claims against Officer Fails in his official capacity. Therefore, to the extent that Baloo purports to allege claims against him in his official capacity, those claims are ensconced in the allegations set forth against the City. The Court will therefore not allow leave to add claims against Officer Fails in his official capacity.

### 2. Individual Capacity.

With respect to his individual capacity, the privilege of qualified immunity protects Officer Fails, not only against liability, but also against suit. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). In deciding qualified immunity, the Court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation. See Camfield v. City of Oklahoma City, 248 F.3d 1214, 1225-1226 (10th Cir. 2001). Only if the plaintiff establishes a violation of the right does the Court consider whether the right was clearly established. See Siegert v. Gilley, 500 U.S. 226, 232 (1991); Camfield v. City of Oklahoma City, 248 F.3d at 1226. The City contends that Baloo's proposed Second Amended Complaint fails to set forth the deprivation of a

constitutional right or support a determination that the right was clearly established at the time of the incidents that give rise to Baloo's suit.

The law does not impose a duty upon government actors to protect citizens against the violent acts of private parties. See DeShaney v. Winnebago County Dept. of Soc. Servs., 489 U.S. 189, 191 (1989). The City argues that Baloo has not alleged any facts that would support a finding that Fails knew specifically of any previous incidents of aggression; that he knew Manygoats was at Four Winds; or that Four Winds would be unable to protect Baloo. The Supreme Court has held that liability under § 1983 must be predicated upon a "deliberate" deprivation of constitutional rights by a defendant. See Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990). A plaintiff cannot predicate liability upon acts that at most constitute negligence. Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

The Second Amended Complaint alleges that Fails is a police officer that the City employed. See Proposed Second Amended Complaint ¶ 6, at 2. He was acting in the course and scope of his employment and under color of law when he transported Baloo to Four Winds on February 12, 2001. See id. Fails admitted Baloo into Four Winds on February 12, 2001. See id. ¶13, at 3.

Baloo alleges that, before admitting Baloo to Four Winds, Fails knew or should have known that there had been incidents in which Four Winds clients had attacked and injured Four Winds employees and clients. See id. ¶16, at 3. Despite having knowledge of a dangerous situation, Fails should have taken actions to protect persons admitted into protective custody. See id. ¶18, at 3. Fails knew or should have known that Mr. Manygoats, who viciously attacked Baloo, had a history of violent behavior and history of attacking staff and clients of Four Winds. See id. ¶ 20, at 4.

The proposed Second Amended Complaint alleges that Fails knew that admitting Manygoats

on February 12, 2001, created an unreasonable risk of injury to Baloo. See id. ¶ 28, at 5. Fails had a duty to insure adherence with Baloo's constitutional rights as a detainee and to prevent others from violating Baloo's rights. See id. ¶ 47, at 7. His actions disregarded an excessive risk to Baloo's safety and were deliberately indifferent to Baloo's rights. See id. ¶¶ 48, 49, at 7-8.

The City's position that the Second Amended Complaint fails to state a claim is based upon the City's reading of the proposed pleading, which is too narrow and is most favorable to the City. While the City contends that Baloo has not alleged any facts which would support a finding that Fails knew of any previous incidents of aggression, the Court reads the allegations differently; the allegations are that Fails knew of Manygoats' aggressive tendencies. And contrary to the City's contention that Baloo has not alleged that Fails knew that Four Winds would be unable to protect Baloo, the Court believes that he had made such allegations in the Second Amended Complaint. Baloo's allegations go beyond mere negligence and sufficiently allege theories that §1983 litigation has recognized, including failure to protect against violation of constitutional rights and deliberate indifference.

Given the state of this case, the Court is reluctant to provide too rigorous of a substantive analysis of these claims. Nevertheless, there is some indication that the City is proposing the incorrect standard to Baloo's proposed §1983 claim. " Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. Cir. 1998)(internal citations omitted).

Under Craig v. Eberly, to hold a jailor personally liable for an alleged constitutional violation, a plaintiff must satisfy two requirements: (i) an objective element, requiring that "the alleged

deprivation be sufficiently serious"; and (ii) a subjective element, which "requires the jail official to have a sufficiently culpable state of mind." Id. (quotation omitted). In the detention context, a sufficiently culpable state of mind "is one of deliberate indifference to inmate health or safety." Id. (quotation omitted). Baloo adequately pleads these elements in his Second Amended Complaint. See, e.g., Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 66 (1st Cir. 2002)(holding that allegations of failure to classify inmates stated claim under §1983).

The City's argument on futility relies on the general principal set forth in DeShaney v. Winnebago County Dep't of Soc. Servs. The City's argument does not take into account the large body of law on §1983 claims based upon assaults on persons involuntarily confined under state authority. Without more research and work, it would appear the facts in Craig v. Eberly are more analogous to the situation in this case than are the facts in DeShaney v. Winnebago County Dep't of Soc. Servs. Furthermore, the primary issue in this case may be factual in nature. It will be more appropriate to sort out the law and facts on a motion for summary judgment than on a motion to amend.

### III. AMENDMENT SO AS TO INCLUDE ADDITIONAL DEFENDANTS AT THIS TIME WOULD NOT UNDULY PREJUDICE THE CITY.

Undue prejudice is also grounds for denying a plaintiff's motion to amend. See Fed. R. Civ. P. 15(a). Attempting to add new parties and claims after discovery and trial strategy has begun can be unduly prejudicial to the Defendants, and the Court should not allow such amendments in the absence of a showing of good cause why the plaintiff did not include the proposed claims and parties in the original pleading. See Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)(stating that, where the party seeking the amendment knows or should have known of the facts

upon which the proposed amendment is based, but fails to include them in the original complaint, the motion to amend is subject to denial). The policy behind such a denial is that, as important as liberality in amendment is to assuring a party a fair opportunity to present defenses, the Court should give equal attention to the proposition that there must be an end finally to a particular litigation. See id.

While the grounds upon which Baloo now seeks to add San Juan Regional Medical Center as a party may have existed at the time he filed his original Complaint, Baloo contends that he did not become aware of them until after the time he filed his motion for leave to amend a second time.

The City argues that, if the Court permits Baloo to amend his complaint as he requests, the City and other Defendants will be prejudiced in that they will have to participate in discovery anew. The City has already participated in written and oral discovery to defend itself against a case it believes has no merit. The City contends that Baloo, in attempting to add claims now that he could have added months ago, is subjecting the City to the additional expense and time of discovery from a party that Baloo could have included, but did not, at the beginning. The City concedes, however, that the additional defendants will not result in any duplicate discovery. See Transcript of Excerpts of Motion Proceedings at 4, lines 17-21. The City further conceded that its primary concern is with the addition of Officer Fails as a defendant, rather than San Juan Regional Medical Center. See id. at 5, lines 3-7.

The City also argues that the addition of new parties and claims at such a late date, particularly when Baloo could have added them in his FAC, may also prejudice the current Defendants by forcing them to contemplate new defenses and strategies. The City maintains that allowing Baloo to amend the Complaint in this manner is thus not in the interest of justice. The City

contends that allowing Baloo to wait months before bringing claims that he could have filed at the time he initially filed his Complaint is unsound public policy that rewards the delinquent party while prejudicing the innocent. However, as discussed above, the claims against San Juan Regional Medical Center did not come to Baloo's attention until more recently. Moreover, the fact that the City may need to contemplate new strategies is a normal part of litigation and not a significant source of prejudice. In conclusion, the Court will not deny Baloo's motion for leave to file an amended Complaint on the basis that the amendment would prejudice the current parties.

**WHEREFORE, IT IS ORDERED** that the Plaintiff's Amended Motion for Leave to File Second Amended Complaint is granted, except that the Plaintiff shall not bring any claims against Fails in his official capacity.

_____
UNITED STATES DISTRICT JUDGE

Thomas L. Murphy
Rosenfelt, Buffington & Borg, P.A.
Gallup, New Mexico

    *Attorney for the Plaintiff*

Nancy Franchini
Gallagher, Casados & Mann, P.C.
Albuquerque, New Mexico

    *Attorney for Defendant Four Winds*

Lisa Mann
Erin E. Langenwalter
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant City of Farmington*